UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDALL A. KRELL,

    Plaintiff,

v.                                                                                                    CASE NO. 3:08-cv-490-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## O R D E R

This matter is before the Court on Plaintiff's Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #31, Petition). Plaintiff's counsel, Chantal J. Harrington, seeks an award under a contingency fee contract which provides for payment of attorney fees up to twenty-five percent of the past due benefits Plaintiff was awarded in this case (Doc. #31 at 1). In this instance, Plaintiff's counsel requests that the Court award her $25,000 in fees pursuant to 42 U.S.C. § 406(b), which is less than twenty-five percent of Plaintiff's past due benefits (Doc. #31 at 2). Defendant filed a response to Plaintiff's Petition (Doc. #33, Response). Defendant does not oppose the award of attorney fees in the requested amount; however, Defendant objects on the basis that the Petition was untimely (Doc. #33 at 1). The Court is not persuaded by Defendant's argument that Plaintiff's attorney fee request was untimely for the reasons that follow.

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which shall not exceed twenty-five percent of the past-due benefit awarded. Therefore, in such cases,

contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney "must show that the fee sought is reasonable for the services rendered." *Id.* Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2nd Cir. 1990)).

Having reviewed the record, the Court finds the requested fee to be reasonable. To illustrate, Plaintiff and his counsel agreed that attorney's fees would not exceed twenty-five percent of the past-due benefit awarded. The amount sought by counsel in the instant motion for work in federal court is $25,000, an amount not in excess of twenty-five percent of the past-due benefits awarded.[1]

Further, the Eleventh Circuit has never held that the fourteen day period for filling a petition for 406(b) fees begins when the judgment for remand for additional proceedings is entered. Rather, the Eleventh Circuit has acknowledged that the application of the fourteen day period to the Social Security disability 406(b) process is confusing and that even the "best practice" is not universally workable. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 (11th Cir. 2006); *Blitch v. Astrue*, No. 07-11298, 2008 WL 73668, at *1 n.1 (11th Cir. Jan. 8, 2008). In *Blitch*, the Eleventh Circuit recognized that "the amount of fees owed under a contingency fee agreement is not established for months after a remand,

---

[1] Counsel for Plaintiff represents that the Commissioner has calculated Plaintiff's past due benefits in the amount of $137,444.40 (Doc. #31 at 2).

2

until the Social Security Administration determines the amount of the client's award." *Id.* Therefore, the Eleventh Circuit encouraged the district court "to fashion a general order or local rule permitting district-wide application of a universal process" for seeking fees in these cases. *Id.* The undersigned recognizes that the fourteen day filing period is an unworkable time line in these types of cases.

Defendant argues that the fourteen day period for filing a petition for attorney fees should begin to run on the date of the district court's judgment, and, because no Standing Order or Local Rule has yet modified the original fourteen day rule, Plaintiff's Petition is untimely (Doc. # 33 at 3). The Court is not persuaded.

Specifically, since the amount of fees owed under a contingency fee agreement is not established until months after a remand, allowing the fourteen day period to run beginning on the date of the Court's judgment would have been impractical in this instance. Therefore, since the Eleventh Circuit noted that even the "best practice" is not a universally workable solution to the Social Security 406(b) process, the Court finds that Plaintiff's Petition for attorney fees is timely.[2]

Additionally, an attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past due benefits) must refund "to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. at 796 (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100 percent of the total benefits). In this

---

[2]The Court notes that Plaintiff's notice of award of benefits was issued on December 12, 2009 (Doc. #32-1). Plaintiff filed the instant motion on December 18, 2009 (six days after issuance of the award notice).

3

instance, Plaintiff's counsel intends to refund Plaintiff the awarded EAJA fee in the amount of $3,600 (Doc. #31 at 2).

Based on the foregoing, it is hereby **ORDERED**:

1. Plaintiff's Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. # 31) is **GRANTED**.

2. The Commissioner is directed to pay, from the past due benefits held in escrow in this case, $25,000 to Plaintiff's counsel in attorney fees for representation of Plaintiff before the Court.

3. Any remainder of the escrowed past-due benefits shall be paid to Plaintiff.

4. Plaintiff's counsel shall refund EAJA fees received to the Plaintiff in the amount of $3,600.

5. The Clerk of Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of June, 2010.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record